Robert Blackwell (TX 24001744)
BLACKWELL, BLACKBURN & SINGER, LLP
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone: (214) 442-9602
Facsimile: (214) 442-9621
bblackwell@bbsllp.com

COUNSEL FOR BAY MOUNTAIN FUND I LLC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **In re:** <br><br> **TIMOTHY M. DUDLEY,** <br><br> **Debtor.** | **Chapter 7** <br><br> **Cause No. 18-41272-mxm7** |
| **BAY MOUNTAIN FUND I LLC,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **TIMOTHY M. DUDLEY,** <br><br> **Defendant.** | **Adv. Proc. No. 18-_____** |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523

Plaintiff Bay Mountain Fund I LLC ("**Bay Mountain**") files this Complaint ("**Complaint**") requesting this Court determine certain obligations of Timothy Dudley ("**Dudley**") to be non-dischargeable pursuant to the provisions of either 11 U.S.C. § 523(a)(2) or (a)(6). In support of the Complaint, Bay Mountain respectfully states as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(a) and (b) as well as 11 U.S.C. § 523. This is a core proceeding within the meaning of 28

U.S.C. §§ 157(b)(2)(I) and (O). This adversary proceeding relates to 11 U.S.C. §§ 523(a)(2) and (a)(6), and the underlying bankruptcy case is currently pending in the Northern District of Texas. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Bay Mountain consents to the entry of final orders or judgment by the bankruptcy court.

## II.
## PARTIES

2.  Bay Mountain is a limited liability company with its principal office and place of business in Dallas County, Texas.

3.  Dudley is an individual citizen of Texas and may be served with process at 9605 Cedar Bluffs Drive, North Richland Hills, Texas 76182 or wherever else he may be located.

## III.
## FACTUAL BACKGROUND

4.  On February 2, 2015, Dudley filed for Chapter 13 bankruptcy in Cause No. 15-40533-dml13, United States Bankruptcy Court, Northern District of Texas, Fort Worth Division ("Dudley 2015 Bankruptcy").

5.  On March 12, 2015, Dudley filed Schedules A through J in the Dudley 2015 Bankruptcy (the "2015 Schedules"). True and correct copies of the 2015 Schedules are attached hereto, collectively, as **Exhibit "A"**. In the 2015 Schedules, Dudley asserted that he has no cash on hand and no checking savings, or other financial accounts. Additionally, Dudley stated that he had no interests in partnerships or joint ventures and his only stock or business interest was in Hudson Holding Company, in which the debt exceeded the asset value. Further, the 2015 Schedules indicate that Dudley was behind on his home mortgage and his mortgage exceeded the value of his home. *See* **Exhibit "A"**.

6.  The Dudley 2015 Bankruptcy was dismissed on May 28, 2015.

7.  On June 1, 2015, approximately three (3) weeks after Dudley filed the 2015

Schedules and only three (3) days after the Dudley 2015 Bankruptcy was dismissed, Dudley submitted his individual net worth financial statement to Bay Mountain (the "Net Worth Statement"). In direct contrast with his bankruptcy filings, the Net Worth Statement listed his net worth at $1,141.137.00. The Net Worth Statement included $910,000.00 in "soley [sic] owned company equity" and home equity of $140,000.00. A true and correct copy of the Net Worth Statement is attached hereto as **Exhibit "B"**.

8. On August 28, 2015, Dudley signed and dated the Net Worth Statement, indicating that the figures set forth therein were truthful and accurate. *See* **Exhibit "B"**.

9. Relying on the accuracy and truthfulness of the Net Worth Statement, on September 1, 2015, Bay Mountain made a loan to Hutson RE, Inc. ("Huston") in the principal amount of $720,000.00 for Hutson to purchase three (3) adjacent lots in Fort Worth, Texas (collectively, the "Hutson Property") (the "Hutson Loan Agreement"). A true and correct copy of the Hutson Loan Agreement is attached hereto as **Exhibit "C"**.

10. On or about September 18, 2015, Hutson refinanced the original promissory note, rolling it into a construction loan. In connection with this transaction, Hutson entered into multiple agreements with Bay Mountain including, but not limited to a Promissory Note in the original principal amount of $2,985,000.00 (the "Hutson Note"). As part of this transaction, Dudley executed a Guaranty that unconditionally and irrevocably guaranteed the indebtedness and obligations of Hutson. A true and correct copy of the Guaranty is attached hereto as **Exhibit "D"**. Bay Mountain was granted a Deed of Trust Lien on the Hutson Property to secure Hutson's repayment of the Hutson Note.

11. Pursuant to the Hutson Loan Agreement, Hutson was not permitted to sell the Hutson Property; make any substantial change in its capitalization or character of its business; or

sell any of its assets used or useful in its business, except in the regular course of business, without Bay Mountain's prior consent. *See* **Exhibit "C"**, Hutson Loan Agreement, Sections III (c), (f), and (i).

12. On or about December 18, 2015, without Bay Mountain's knowledge or consent and in violation of the Hutson Loan Agreement, Hutson transferred title of the three lots to Kennedy Brownstone, LLC. A true and correct copy of the General Warranty Deed is attached hereto as **Exhibit "E"**. Dudley is listed as the Registered Agent for Kennedy Brownstone, LLC with the Texas Secretary of State, with a SOS registration date of December 4, 2015.

13. On June 3, 2016, Kennedy at Merrimac, LLC ("Kennedy") purchased the real property located at 2733, 2737, and 2741 Merrimac Street, Fort Worth, Texas 76107 (the "Merrimac Property"). In connection with this acquisition, Kennedy entered into multiple agreements with Bay Mountain including, but not limited to, a Promissory Note dated June 3, 2016 in the principal amount of $4,038,000.00 (the "Kennedy Note"); a Disclosure for Demand and Balloon Mortgages; a Commercial Loan Agreement; and a Construction Rider to the Loan Agreement. Additionally, Dudley executed a Guaranty Agreement that irrevocably, absolutely, and unconditionally guaranteed the indebtedness and obligations of Kennedy under the Note to Bay Mountain. A true and correct copy of the Guaranty is attached hereto as **Exhibit "F"**. As set forth below, Bay Mountain would not have proceeded with the Kennedy transaction if it was aware of the transfer of the Hutson Property in violation of the Hutson Loan Agreement or the false statements provided by Dudley on the Net Worth Statement.

14. On June 13, 2016, almost immediately after the Kennedy transaction, Hutson filed bankruptcy in Cause No. 16-42319-mxm7, United States Bankruptcy Court for the Northern District of Texas (Ft. Worth).

15. After entering into both the Hutson and Kennedy transactions, Bay Mountain learned that Dudley's statements on the Net Worth Statement were false, including but not limited to the fact that Dudley did not have $910,000.00 in company equity or $140,000.00 in home equity. By way of example, Dudley failed to reflect on his Net Worth Statement that he was not current on his mortgage at the time he executed the Net Worth Statement in direct contrast to Dudley's statement on the Net Worth Statement indicating $140,00.00 in home equity. *See* Ocwen Loan Servicing, LLC's Affidavit in Support of Motion for Relief from Automatic Stay, which is attached hereto as **Exhibit "G"**.

16. Kennedy and Dudley failed to pay all sums due to Bay Mountain under the Kennedy Note. Therefore, on October 10, 2016, Bay Mountain filed a counterclaim asserting a claim for breach of guaranty against Dudley in the lawsuit styled *Kennedy at Merrimac, LLC v. Bay Mountain Fund I LLC*, Cause No. 048-287-323-16, 48th District Court, Tarrant County, Texas (the "Kennedy Lawsuit").

17. Similarly, Hutson and Dudley failed to pay the outstanding amount owed under the Hutson Note. Therefore, on January 20, 2017, Bay Mountain filed a lawsuit asserting a claim for breach of guaranty against Dudley in the lawsuit styled *Bay Mountain Fund I LLC v. Timothy M. Dudley,* Cause No. 141-290081-17, 141st District Court, Tarrant County, Texas (the "Dudley Lawsuit").

18. On January 30, 2018, Bay Mountain filed its Motion for Summary Judgment in the Kennedy Lawsuit seeking summary judgment on its claim against Dudley.

19. On January 31, 2018, Bay Mountain filed its Motion for Summary Judgment in the Dudley Lawsuit seeking summary judgment on its claim against Dudley.

20. On February 23, 2018, the 141st District Court signed an order granting Bay

Mountain's Motion for Summary Judgment against Dudley in the Dudley Lawsuit and awarding Bay Mountain $638,675.85 plus prejudgment interest, $12,049.21 in attorneys' fees, and post-judgment interest at 12% per annum (the "Dudley Judgment"). A true and correct copy of the Dudley Judgment is attached hereto as **Exhibit "H"**.

21. On March 2, 2018, the 48th District Court signed an order granting Bay Mountain's Motion for Summary Judgment against Dudley in the Kennedy Lawsuit and awarding Bay Mountain $456,028.58 plus prejudgment interest, $11,299.00 in attorneys' fees, and post-judgment interest at 10% per annum (the "Kennedy Judgment"). A true and correct copy of the Kennedy Judgment is attached hereto as **Exhibit "I"**.

22. On April 2, 2018, Dudley filed for Chapter 7 bankruptcy protection in the above-captioned proceeding.

23. Dudley has failed to make any payments on either the Kennedy Judgment or the Dudley Judgment.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION- NONDISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(2)(A) & (B)

24. Bay Mountain repeats and re-alleges each and every allegation set forth in all prior paragraphs, which are incorporated by reference as if fully set forth herein.

25. Dudley, through false pretenses, false representations, and/or actual fraud obtained money, services and an extension, renewal of and additional financing from Bay Mountain by inducing Bay Mountain to enter into the transactions pleaded above for valuable consideration.

26. Dudley made multiple materially false and fraudulent statements (including written statements) and misrepresentations respecting Dudley's financial condition, including the

statements set forth in Dudley's Net Worth Statement. *See* **Exhibit "B"**. Further, Dudley fraudulently omitted the transfer of the Hutson Property to Kennedy Brownstone, LLC without Bay Mountain's knowledge or consent in violation of the Hutson Loan Agreement. Pursuant to the Hutson Loan Documents, Dudley and Hutson were under a duty to disclose this transfer and Dudley's omission to do so was motivated by an intent to deceive.

27. These materially false and fraudulent statements (including written statements), misrepresentations, and omissions were made with the intent to deceive Bay Mountain. Dudley knew these statements (including written statements), misrepresentations, and omissions were false when he made them. Dudley intended for Bay Mountain to rely on these false statements (including written statements), representations, and omissions, including Bay Mountain's decision to proceed with the Kennedy transaction. These statements (including written statements) were material to Bay Mountain's decision to advance money and extend credit to Dudley and Hutson and Kennedy, entities under his management. Bay Mountain reasonably relied upon, provided money, services and an extension, renewal and additional financing based on these statements (including written statements) and omissions.

28. In the absence of these false pretenses, false representations, actual fraud, fraudulent omission, and materially false statements (including written statements) by Dudley, Bay Mountain would not have entered into the transactions in issue and incurred the losses of money and/or services attributable to Dudley's statements (including written statements) and actions.

29. Accordingly, Dudley's conduct violated 11 U.S.C. §523(a)(2)(A) and (B), and he is not entitled to a discharge of his debts due and owing to Bay Mountain.

## SECOND CAUSE OF ACTION - NONDISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. §523(a)(6)

30. Bay Mountain repeats and re-alleges each and every allegation set forth in all prior paragraphs, which are incorporated by reference as if fully set forth herein.

31. Through the conduct described herein, the false statements and misrepresentations made to Bay Mountain, and Dudley's fraudulent omissions, Dudley inflicted willful and malicious injury to Bay Mountain and to the property interests of Bay Mountain.

32. Dudley's actions were willful and malicious towards Bay Mountain because, inter alia, at the time of his actions, and due to the requirements of the Hutson Loan Document, Dudley knew or should have known that such actions would inflict injury to Bay Mountain and Bay Mountain's property interests.

33. Accordingly, Dudley's conduct violated 11 U.S.C. §523(a)(6), and he is not entitled to a discharge of his debts to Bay Mountain.

## V.
## REQUEST FOR RELIEF

WHEREFORE, Bay Mountain requests an entry of judgment:

i. denying Dudley a discharge of debts owed to Bay Mountain pursuant to 11 U.S.C. §523(a)(2)(A) and (B);

ii. denying Dudley a discharge of debts owed to Bay Mountain pursuant to 11 U.S.C. §523(a)(6);

iii. awarding Bay Mountain the costs, fees, and expenses incurred in prosecuting this action, including attorneys' fees; and

iv. all other relief to which Bay Mountain is entitled to at law or in equity.

DATED: October 25, 2018.

Respectfully submitted,

/s/ *Robert Blackwell*
Robert Blackwell (TX 24001744)
BLACKWELL, BLACKBURN & SINGER, LLP
7557 Rambler Road, Suite 1450
Dallas, Texas 75231
Telephone: (214) 442-9602
Facsimile: (214) 442-9621
bblackwell@bbsllp.com

COUNSEL FOR BAY MOUNTAIN FUND I LLC